IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



VA C 12266 JEFFERSON, LLC, et. al.,

    Plaintiffs,

v.                                                               CIVIL NO. 4:14cv34

MATTRESS WAREHOUSE INC., et al.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon a Motion to Dismiss by Mattress Warehouse Inc. AND Mattress Warehouse of Newport News, LLC (collectively "Defendants" or "Mattress Warehouse"). ECF No. 21. For the reasons herein, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Amended Complaint is **DISMISSED** with **LEAVE TO AMEND**. ECF. Nos. 20, 21.

    I.      **PROCEDURAL BACKGROUND**

On March 27, 2014, Plaintiffs ("Jefferson") filed a Complaint against Defendants, asking the Court to find that Mattress Warehouse of Newport News ("MWNN") is an alter-ego of Mattress Warehouse, Inc. ("MWI") (Count I), breach of contract (Count II), and breach of implied contract (Count III).

On May 23, 2014, Mattress Warehouse filed a Motion to Dismiss for Failure to State a Claim. ECF No. 6. It filed an Answer to Jefferson's Complaint on the same date. ECF No. 10. On June 6, 2014, Jefferson filed a Motion to Amend/Correct its Complaint, which the Court granted on July 7, 2014. ECF Nos. 14, 19. In the same Order, the Court took Mattress

Warehouse's Motion to Dismiss under advisement pending its mootness. ECF No. 19.

On July 22, 2014, Jefferson filed an Amended Complaint, asking the Court to find that MWNN is an alter-ego of MWI (Count I), breach of contract (Count II), and breach of implied contract (Count III). ECF No. 20. On August 4, 2014, Mattress Warehouse filed a Motion to Dismiss for Failure to State a Claim and an Answer to Jefferson's Complaint. ECF Nos. 21, 23. On September 5, 2014, Mattress Warehouse requested a hearing on its Motion to Dismiss, which the Court granted. ECF No. 27. The hearing occurred on October 6, 2014. ECF No. 29. At this hearing, Jefferson moved to amend its Amended Complaint.

## II. FACTS ALLEGED IN AMENDED COMPLAINT

The following summarizes the facts and inferences alleged in Plaintiffs' Amended Complaint. These are Plaintiffs' allegations, not the Court's findings of fact. For the purposes of the instant Motion to Dismiss, the Court construes the factual allegations "in the light most favorable to [P]laintiff[s]." Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).

On November 26, 2003, MWNN entered into a 15 year lease ("Lease") with Interface Properties, Inc. ("Interface") to lease the property located at 12266 Jefferson Avenue, Newport News ("Property"). Pls.' Am. Compl., ECF No. 20 at ¶¶ 9, 13. As part of the lease, MWI executed a guaranty of MWNN's obligations under the Lease ("Guaranty") for a term of 3 years. Id. at ¶ 10. Interface was induced to enter into the Lease by MWI's Guaranty. Id. at ¶ 11.

MWNN failed to make timely payments throughout the lease. Id. at ¶ 28. On April 29, 2013, Plaintiffs sent Defendants a Notice of Default and demand for payment of all outstanding amounts due. Id. at ¶ 34. In or about June 2013, Defendants completely stopped making payments for the Property. Id. at ¶ 35. At or about that same time, MWNN failed to pay its annual fee to the Virginia State Corporation Commission, causing the agency to cancel MWNN's authority to conduct business in Virginia. Id. at ¶ 36. At some unknown point in time,

2

MWNN vacated the Property without warning or notice of any kind. Id. at ¶ 37. Defendants failed to cure the defaults and refused to pay the amounts due. Id. at ¶ 38. Defendants owe at least $1,382,126.00 under the Lease. Id. at ¶ 40.

The Lease and Guaranty were both signed by John Ahern, who is the managing member of MWNN and the principal owner of MWI. Id. at ¶ 14. MWNN and MWI have identical principal addresses, identical owners, and identical contact information. Id. at ¶ 44. Throughout the entire tenancy, monthly rent payments were made directly by MWI, drawn on MWI's corporate bank accounts, and MWI claimed the rent payments on its Federal Income Tax forms. Id. at ¶ 16. MWNN was undercapitalized and completely financially dependent on MWI. Id. at ¶¶ 17, 18. As of August 2012, Plaintiffs were directed to correspond directly with MWI corporate employees. Id. at ¶ 33. MWNN's existence as a Virginia business entity closely tracks with the term of the lease. Id. at ¶ 20. MWNN voluntarily cancelled its status as a Virginia limited liability company ("LLC") during the same month it defaulted on the Lease. Id. MWI has set up more than fifty LLCs associated with its store locations in Virginia, and at least 19 LLCs have been voluntarily cancelled, to the detriment of creditors. Id. at ¶ 24.

### III.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This directive has not been interpreted to require "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It does, however, require "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to

allow such an inference. Id. (citing Twombly, 550 U.S. at 555).

The Court's gatekeeper duties are especially important as the cost of litigation continues to rise. As the Supreme Court held in Twombly, "it is self-evident that the problem of discovery abuse cannot be solved by careful scrutiny of evidence at the summary judgment state." Twombly, 550 U.S. at 559. Because of this, the Court must be diligent at the pleading stage. It is only by taking care to require that the factual allegations support each element of each claim "that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence." Id.

When a plaintiff fails to state a claim upon which relief can be granted, or otherwise fails to meet the requirements of Rule 8(a)(2), Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action. The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Neitzke v. Williams, 409 U.S. 319, 326–27 (1989). The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." Rogers v. Jefferson–Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); Davis v. Hudeins, 896 F.Supp. 561, 566 (E.D. Va. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz, 943 F.2d at 489; Davis, 896 F.Supp. at 566 (citing Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992)). Legal conclusions, which provide the complaint's framework, are not entitled to the assumption of truth if they are not supported by factual allegations. Iqbal, 556

U.S. at 664.

## IV. SUBJECT-MATTER JURISDICTION

Jefferson claims this Court has subject-matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332—diversity jurisdiction. Although Defendants do not challenge subject-matter jurisdiction in their Second Motion to Dismiss, the Court must address defects in subject-matter jurisdiction when they arise. Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court.").

There are two requirements for a diversity action: (1) the amount in controversy must exceed $75,000, and (2) there must be complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Whitmire v. Victus Ltd. t/a Master Design Furniture, 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."). A corporation is a citizen of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company ("LLC"), on the other hand, is assigned the citizenship of its members. General Technology Applications, Inc. v. Extro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). Therefore, "[t]o sufficiently allege the citizenships of [an LLC], a party must list the citizenships of all the members of the limited liability company." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Jefferson alleges that Plaintiffs and MWNN are LLCs, and that MWI is a corporation. ECF No. 20 at ¶¶ 1–3. However, in support of diversity jurisdiction, Jefferson merely lists the home state for each company and where each company has its principal place of business. Id.

Plaintiffs do not list the citizenships of their own members, nor does it list the citizenships of MWNN's members. Therefore, Plaintiffs fail to carry their burden of establishing diversity of citizenship, and Plaintiffs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Plaintiffs and Defendants are all **ORDERED** to submit a list of their respective members, including their members' citizenships, so that the Court can determine whether there is complete diversity of citizenship between parties.

### V. PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO MAINTIAN ANY OF THE THREE COUNTS OF THEIR AMENDED COMPLAINT.

Although Plaintiffs fail to properly invoke Diversity Jurisdiction, the Court considers each of Plaintiffs' three Counts in turn. Because Plaintiffs' alleged claims arise under Virginia law, the Court applies substantive Virginia law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

#### A. BREACH OF CONTRACT

To make a breach of contract claim under Virginia law, a plaintiff must show: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 614 (2004). In their Amended Complaint, Plaintiffs fail to satisfy the first element. The Lease in question was made between MWNN and Interface Properties. In their Amended Complaint, Plaintiffs do not even claim to be the successors-in-interest to Interface Properties, much less allege facts supporting that assertion. Plaintiffs allege that they are the current owners of the Property, but they do not allege when they acquired the Property, from whom they acquired the Property, how they acquired the Property, and, most importantly, how they obtained contractual rights. Because Plaintiffs were not parties to the contract, alleging breach of contract is not enough. Plaintiffs fail to plead sufficient facts to show it has any rights

under the Lease signed by Interface Properties and MWNN in 2003. Therefore, Plaintiffs breach of contract claim, Count II of their Amended Complaint, is **DISMISSED WITHOUT PREJUDICE**.

### B. ALTER EGO

An alter ego claim "is not an independent cause of action." Shearson Lehman Hutton, Inc. v. Venners, 165 F.3d 912, 1998 WL 761505 at *2 (4th Cir. 1998). Rather, alter ego "is a method of imposing liability on an underlying cause of action." Id. In Plaintiffs' Amended Complaint, their breach of contract claim is the underlying cause of action for their alter ego claim. Since Plaintiffs' breach of contract claim is dismissed, its alter ego claim has no cause of action on which to rest. Therefore, Plaintiffs' alter ego claim, Count I of their Amended Complaint, is **DISMISSED WITHOUT PREJUDICE**.

### C. IMPLIED CONTRACT/*QUANTUM MERUIT*

Virginia implied contract law rests on the doctrine that "a man shall not be allowed to enrich himself unjustly at the expense of another." Kern v. Freed Co. Inc., 224 Va. 678, 681 (1983). To establish a claim for implied contract, three elements must be shown: "(1) A benefit conferred on the defendant by the plaintiff; (2) Knowledge on the part of the defendant of the conferring of the benefit; and (3) Acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." Nossen v. Hoy, 750 F.Supp. 740, 744–45 (E.D. Va. 1990).

In Virginia, "[t]he law will not impose an implied contractual relationship upon parties in contravention of an express contract." Nedrich v. Jones, 245 Va. 465, 477 (1993). However, this otherwise broad preclusion is subject to limitations. First, when one confers a benefit on another under a contract, and this contract is void for reasons not prejudicial to the former, "he may recover the value of his services on a *quantum meruit*." Marine Development Corp. v. Rodak,

7

225 Va. 137, 140 (1983). Second, "[a]n implied agreement may be given effect where it is based on the subsequent conduct of the parties not covered by the express contract." Butts v. Weltman, Weinberg & Reis Co., LPA, No. 1:13cv1026, 2013 WL 6039040 (E.D. Va. Nov. 14, 2013). In other words, an implied contract is precluded only if a valid express contract covers the alleged conduct.

Plaintiffs argue that MWI benefited from MWNN being able to lease the Property. However, Plaintiffs do not allege MWI ever occupied the Property. They do not allege that MWI made any use of the Property once MWNN vacated it. Plaintiffs do not even allege when they acquired the property, so that the Court can determine when this alleged benefit began. Although MWI plausibly benefited from the Lease itself, it paid for the benefit through an express contract to guaranty the Lease for three years. This Court will not "impose an implied contractual relationship upon parties in contravention of an express contract." Nedrich, 245 Va. at 477 (1993). Moreover, whatever benefit was conveyed by the Lease was conveyed by Interface, a company to which the Plaintiffs have yet to establish any connection.

Particularly indicative of Jefferson's dubious claim is its inability to quantify the alleged benefit with any level of specificity. Plaintiffs claim the reasonable value of the benefit provided to MWI is $1,382,126. In support of its *quantum meruit* claim, Plaintiff allege that MWI made the rent payments pursuant to the Lease, claimed the rent payment on its Federal Income Tax Form 1099, and directed Plaintiff to send all correspondence throughout the lease term to MWI's corporate headquarters. Although these facts may be relevant to Jefferson's alter-ego claim, it is not clear how MWI's accounting methods show that MWI benefited from MWNN's tenancy. Plaintiffs state that they have been damaged in the amount of $1,382,126, but the measure of a *quantum meruit* claim is the reasonable value of the benefit to the defendant, not the plaintiff's

damages. Virginia Fin. Assocs. v. ITT Hartford Group, 266 Va. 177, 183 (2003).

For the aforementioned reasons, Plaintiffs' *quantum meruit* claim, Count III of their Amended Complaint, is **DISMISSED WITHOUT PREJUDICE**.

## VI. JEFFERSON'S SECOND MOTION TO AMEND

Rule 15 of the Federal Rules of Civil Procedure states that after a party has already amended once, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). It also states that "[t]he court should freely give leave when justice so requires." Id. The Supreme Court has held that leave should be freely given "in the absence of any apparent or declared reason." Foman v. Davis, 371 U.S. 178, 182 (1962). Proper reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Id.

At the center of this determination is whether the opposing party would be prejudiced by allowing the pleading party to amend. See Ward Electronic Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) ("Most important, there was no finding that [the opposing party] would have been in any way prejudiced by the amendment."). "[A] lack of prejudice would alone ordinarily warrant granting leave to amend," while "mere delay absent any resulting prejudice or evidence of dilatoriness [is] not sufficient justification for denial." Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980)).

Jefferson made its Second Motion to Amend at the hearing on Defendants' Second Motion to Dismiss. At this hearing, the Court determined that there were several deficiencies in Jefferson's Amended Complaint. Moreover, Plaintiffs' Counsel was unable to answer many of the Court's questions. However, given that most of these deficiencies were not addressed in

Defendants' Second Motion to Dismiss, and Plaintiffs were therefore not put on notice prior to the hearing, fairness would dictate giving Plaintiffs one more chance to amend. In addition, Mattress Warehouse would not be prejudiced by allowing Jefferson to amend, since trial is scheduled for April 28, 2015, more than six months from now. Therefore, the Court **GRANTS** Plaintiffs' Second Motion to Amend. Plaintiffs are **ORDERED** to file their Second Amended Complaint **no later than** 12 p.m. on Thursday, October 23, 2014. Defendants are **ORDERED** to file defensive pleadings **no later than** 12 p.m. seven days after Plaintiffs file their Second Amended Complaint.

### VII. CONCLUSION

For the reasons herein, Defendants' Second Motion to Dismiss is **GRANTED**. Plaintiffs' Amended Complaint is hereby **DISMISSED** with **LEAVE TO AMEND**.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Newport News, VA
October 16, 2014